DECISION AND JUDGMENT ENTRY
{¶ 1} This is an interlocutory appeal from an order of the Lucas County Court of Common Pleas, denying a hospital's motion to bar discovery of certain evidence. Because we conclude that the trial court's order was proper, we affirm.
 {¶ 2} Appellee, Kenneth E. Whiteman, is executor of the estate of his late brother, Harold A. Whiteman. Harold Whiteman died following a 1999 coronary bypass operation performed at a facility operated by appellant, The Toledo Hospital/Promedica. In 2000, appellee sued Harold Whiteman's surgeon, Robert Rawitscher, M.D., the surgeon's corporation, Cardiothoracic Surgeons for Northwest Ohio, Inc., and appellant, alleging malpractice. In 2001, appellee amended its complaint, adding an allegation of negligent credentialing against appellant.
 {¶ 3} In the course of discovery, appellant's counsel conducted a deposition of Lee Hammerling, M.D. During this deposition, counsel asked Dr. Hammerling the following questions related to the issues which may have been before the hospital's peer review committee:
 {¶ 4} "1. What is your recollection with respect to how you were first contacted regarding a complaint that was lodged by Dr. Mousset in 1997 or 1998 or perhaps even in 1999 with regard to Dr. Rawitscher?
 {¶ 5} "2. Were you a member of the peer review committee which responded to Dr. Mousset's comments regarding Dr. Rawitscher?
 {¶ 6} "3. Was a peer review conducted with respect to the complaints made by Dr. Mousset regarding Dr. Rawitscher?
 {¶ 7} "4. Even though the complaints regarding Dr. Rawitscher as made by Dr. Mousset did not find foundation by the chairman of the department, did you still act on those complaints? So, I'm asking even though this didn't come from the chairman of the department, did you act on it in the same way you would if it did?
 {¶ 8} "5. When did you attend a peer review or any review committee or otherwise of Dr. Mousset's complaints? When did that take place?"
 {¶ 9} Appellant's counsel objected to these questions on the ground that they would evoke answers containing confidential and privileged information protected by former R.C. 2305.251 (now R.C.2305.252). Counsel instructed Dr. Hammerling not to answer these questions. The trial court, however, overruled appellant's objections and ordered the witness to answer.
 {¶ 10} Appellant now brings this appeal, setting forth the following single assignment of error:
 {¶ 11} "The Lucas County Court of Common Pleas erred by ordering a deponent, a member of the defendant's hospital's peer review, credentialing and quality assurance committees, to respond to questions and provide information in violation of the privileges contained in R.C.2305.24, R.C. 2305.25 and R.C. 2305.251 and the trial court's prior ruling."
 {¶ 12} Former R.C. 2305.251, now amended and renumbered R.C.2305.252,[1] provided:
 {¶ 13} "Proceedings and records of all review committees described in section 2305.25 of the Revised Code shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care professional, a hospital, a long-term care facility, a not-for-profit health care corporation that is a member of a hospital or long-term care facility or of which a hospital or long-term care facility is a member, or another health care institution arising out of matters that are the subject of evaluation and review by the committee. No person in attendance at a meeting of a review committee or serving as a member of a review committee shall be permitted or required to testify in any civil action as to any evidence or other matters produced or presented during the proceedings of the committee or as to any finding, recommendation, evaluation, opinion, or other action of the committee or a member thereof. Information, documents, or records otherwise available from original sources are not to be construed as being unavailable for discovery or for use in any civil action merely because they were presented during proceedings of a committee nor should any person testifying before a committee or who is a member of the committee be prevented from testifying as to matters within the person's knowledge, but the witness cannot be asked about the witness's testimony before the committee or opinion formed by the witness as a result of the committee hearing."
 {¶ 14} Former R.C. 2305.25 provided civil immunity from damages for hospitals or their employees for conduct, "* * * within the scope of the functions of a [peer review] committee * * *." However, the statue also contained a statement that nothing therein, "*** shall relieve any individual or hospital from liability arising from treatment of a patient * * *."
 {¶ 15} Appellant, citing principally McCarthy v. Western ReserveCare System (June 11, 1999), Mahoning App. No. 97 C.A. 76, maintains that the peer review immunity statutes cast an all-encompassing blanket of confidentiality and privilege over the peer review committee. Not only are information and reports generated by the committee non-discoverable, but any information submitted to the committee, or about the committee, its members or its meetings are also off limits to discovery or admissibility, according to appellant. We find no support for appellant's position either in law or in reason.
 {¶ 16} The purpose of the statute is not to hinder lawsuits, but to provide limited protection to individuals who provide information to review committees or boards, thereby encouraging a free flow of information without fear of reprisal in the form of civil liability.Browning v. Burt (1993), 66 Ohio St.3d 544, 562. The statutes do not expressly or implicitly give blanket immunity to a hospital for negligence in granting and/or continuing staff privileges of an incompetent physician. Id. "[I]f all materials viewed and utilized by peer review committees were deemed undiscoverable, a hospital could never be held accountable for its choice in staffing * * *." Wilson v.Barnesville Hospital (2002), 151 Ohio App.3d 55, 61. See, also, Tranglev. Rojas, 150 Ohio App.3d 549, 555, 2002-Ohio-6510.
 {¶ 17} Appellant has presented a view of peer review confidentiality statutes which would surround the peer review proceeding with an impenetrable wall of silence, suggesting secrecy and concealment rather than confidentiality.
 {¶ 18} Such a restricted view is not supported by the language of the statute. Former R.C. 2305.251 limits the privilege to "[p]roceedings and records" of the committee. Proceedings are "an official record of things said or done." Merriam-Webster's Collegiate Dictionary, Tenth Edition (1996) 929. Testimonial immunity applies only to members of the committee or attendees at a committee meeting and then only concerning matters "produced or presented" at such a proceeding, the committee's deliberations, or the committee's findings. The statute expressly permits discovery of information "otherwise available from original sources," including witnesses who testify before the committee or even committee members who may have personal knowledge of events outside of that derived from committee attendance.
 {¶ 19} In McCarthy v. Western Reserve Care, the case upon which appellant principally relies, the question was whether a "quality assurance audit sheet," prepared expressly for the use of a hospital quality control committee was discoverable. The trial court found that the audit was intended to be used exclusively for quality assurance purposes and was, therefore, confidential and privileged, pursuant to former R.C. 2305.24 and former 2305.251. The appeals court concluded that this ruling was within the trial court's discretion and affirmed its decision.
 {¶ 20} The questions at issue here do not implicate any documents created exclusively for appellant's peer review committee. Neither do they involve any record or proceeding or finding of such a committee. The questions to Dr. Hammerling were: do you recall receiving a complaint; are you a member of a peer review committee; was a review conducted as a result of the complaint; was this complaint treated differently; and, did you attend a review committee meeting and when? None of these questions fall within the narrow confines of the confidentiality statute. Consequently, the trial court did not abuse its discretion in ordering that the witness respond. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 21} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
 JUDGMENT AFFIRMED.
[1] 2003 Am.Sub.S.B. 179 amended and renumbered several statutes dealing with health care effective April 9, 2003. The events which precipitated this appeal are antecedent to those amendments.